

DEFENDANT'S EXHIBIT 11

*Judith Stern, Esq.*
*498 13th Street*
*Brooklyn, New York 11215*
*718-788-2978*

January 3, 2008

Honorable Kathleen McDonald O'Malley
Carl B. Stokes United States Courthouse
801 West Superior Avenue
Cleveland, Ohio 44113-1840

                        Re: <u>United States</u> v. <u>Evan Stern</u>

Your Honor:

I write this letter on behalf of my nephew Evan Stern, who appears before Your Honor for sentencing on January 18, 2008. I would like to share with you my experience of Evan, so that you may know him a little better. Perhaps most beneficial to this Court in determining the proper disposition is a glimpse of Evan's impressive growth and development since this case came to light.

I was completely unprepared for the telephone call I received from my brother, Evan's father, in October 2005, telling me that law enforcement had come to Evan's apartment and confiscated his computer because he had been downloading child pornography. Evan and his then longtime girlfriend Jill had visited me only two months earlier in August and, on the surface, everything seemed fine. Evan was quiet, but he was friendly and pleasant and certainly attentive to Jill. Looking back, I now can see that Evan was struggling.

After my brother's call, I immediately wrote Evan to reassure him that I love him and also to let him know that I would do whatever I could to help him address his problem. Evan responded with an openness that I had not experienced from him before. Making no excuses for his conduct and in no way minimizing its impropriety, Evan admitted he had a problem, was remorseful for the harm he had caused, and acknowledged that he needed help. He wrote that he was actually relieved that he had been caught because he had been too ashamed to tell anyone about what he had been doing and now he could no longer hide.

Evan and I have communicated regularly over the last two years, and he continues to impress me with his openness, his recognition of the wrongfulness of his conduct, and his determination to face this problem head on. His first step was to move back home, and he invited his parents to monitor his comings and goings and computer use. He immediately enrolled in therapy with a therapist skilled in treating individuals who engage in sexually deviant behaviors. He did not isolate himself but rather, in keeping

with his family's values, he looked to his church for further support and found great comfort and spiritual healing there. He continued in school and he surrounded himself with his friends and family.

Last year, after graduating from college and with his parents' full approval, Evan moved to Chicago to pursue his career. The move has been a very positive step for Evan both professionally and personally. He now has a job he loves that offers the potential for growth. He also has developed a network of friends, with whom he has shared his situation and from whom he has garnered support and acceptance. I attribute that support and acceptance to Evan's frankness and to all the work he has done these past two years -- and continues to do -- to demonstrate that he is capable of growth and transformation.

Having been a criminal defense attorney since 1990 and having represented juveniles and young adults for the last four years, I have become quite adept at discerning pretense or even good intentions from true sincerity. I can say without reservation that Evan is sincere and dedicated to making his life better and to doing whatever he can to ensure that the future is not a repeat of the past.

I love Evan, but not just because he is my nephew. He is a good person -- a good young man -- who has a great deal to contribute. Incarceration will serve no productive purpose for either Evan or society. I am confident that he is not a danger to the community and that whatever punishment he must receive, in addition to having a felony conviction on his record and being a registered sex offender, can be accomplished through a probationary sentence.

Sincerely,

Judith Stern