IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:07CR524 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| EVAN M. STERN, | ) | <u>GOVERNMENT'S REPLY IN PARTIAL</u> |
| | ) | <u>OPPOSITION TO DEFENDANT'S</u> |
| Defendant. | ) | <u>MOTION TO TERMINATE SUPERVISED</u> |
| | ) | <u>RELEASE</u> |
| | ) | |

The United States of America, by and through its attorneys, Steven M. Dettelbach, United States Attorney, and Justin Seabury Gould, Assistant United States Attorney, respectfully opposes, in part, Defendant Evan M. Stern's Motion to Terminate Supervised Release or in the Alternative Modify Conditions So That Defendant Can Relocate to New York. Specifically, the government opposes the termination of Stern's supervised release. However, the government raises no opposition to the transfer of Stern's supervised release to the Southern District of New

York, under present terms, and with the consent of that district.

The reasons for this partial opposition are explained in the attached Memorandum.

                Respectfully submitted,

                STEVEN M. DETTELBACH
                United States Attorney

By:   /s/ Justin Seabury Gould
        Justin Seabury Gould (OH: 0084584)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3869
        (216) 522-8355 (facsimile)
        Justin.Gould@usdoj.gov

## Memorandum

I. **Introduction.**

Defendant Evan M. Stern was convicted of Possession of Child Pornography, in violation of Title 18, Sections 2252(a)(4) and (b)(2), United States Code. (R. 23: Judgment, PageID 191-197). Stern's advisory Guideline Range was forty-six to fifty-seven months. (R. 22: Memorandum and Order, PageID 162). Instead, the sentencing court imposed a term of imprisonment of only one year and one day. (R. 23: Judgment, PageID 192). Fortunately, the sentencing court took care to create a twenty-nine page memorialization of its reasoning for the sentence. (R. 22: Memorandum and Order, PageID 162-190). In sum, the sentencing court recognized the seriousness of Stern's actions, but felt that—based on the particularized personal and case-related facts and circumstances of the matter— a lengthy period of supervised release could be substituted for a lengthy period of incarceration. The termination Stern seeks will ensure that he walks away with neither. That result is unconscionable.

II. **An Extended Period of Supervised Release is Appropriate and Necessary.**

"Dr. Gene Abel, M.D., a psychiatric expert on sex offenders who testified before the United States Sentencing Commission at its 2012 public hearing on child pornography offenses, recommended a period of treatment and follow-up 'maintenance' ranging from five to ten years for the typical non-production offender." United States Sentencing Commission, <u>Report to the Congress: Federal Child Pornography Offenses</u>, Page 281 (December 2012). In his earlier testimony before the United States Sentencing Commission, Dr. Abel opined "maintenance [should be] really long, and the maintenance is just as important as the treatment …[W]hatever treatment you have, it doesn't count unless it's maintained over time." Testimony of Dr. Gene A. Abel, Medical Director, Behavioral Medicine Institute, to the United States Sentencing

Commission, Pages 136–37 (Feb. 15, 2012). The sentencing court provided for precisely that—a "really long" period for Stern to be treated, to be supervised, and to maintain his compliance. It was only last year that Stern completed the bare statutory minimum period of supervised release required by 18 U.S.C. § 3583(k). But, his is not a bare minimum crime. By possessing over one-thousand images of child pornography, Stern participated in and promoted a global marketplace that trades in the rape, torture, and molestation of society's most vulnerable and defenseless. To allow him to do the least amount possible, for the shortest period of time allowed, does not achieve the ends of justice when a prolonged, continuous, and sure course of treatment and maintenance is advised. This is especially true when, as here, a lengthy period of supervision was imposed in lieu of the longer advisory prison sentence.

**III.     Stern's Success Under Supervised Release is Reason to Continue His Supervision.**

That Stern has complied with the terms of his supervision for a period should not go without notice. However, the government argues this is a positive indication that the system is working and the structure should be maintained, not terminated. This need is highlighted as Stern approaches a prospective major life transition: moving to a major U.S. city and starting a new job. Is Stern's new place of residence suitable for a convicted sex offender? What computers will he have access to at his new job? Who are the providers Stern can turn to for continued treatment? Are there support groups that meet in proximity to his home or work? These are resources with which the Supervised Release Division in the Southern District of New York can help. This is a time when the supervised release system should surround Stern with support—not cut him loose to move to New York City and work on computers without oversight!

**IV.	Conclusion.**

Stern received a less-than-advisory sentence in exchange for an extended period of supervised release, of which he has only last year completed the bare minimum period required by statute.  This extended period of supervised release is indicated for offenders such as him, and allows for a prolonged and complete course of treatment and maintenance.  Since Stern has shown a positive response to supervision, it follows that this support system should remain in place as he moves to a new city and starts a new job.  Accordingly, the government opposes Stern's motions in so much as it requests that this Honorable Court terminate his supervision.  However, the government raises no objection to his supervision being transferred to the Southern District of New York, under present terms, and with the consent of that district.

        Respectfully submitted,

        STEVEN M. DETTELBACH
        United States Attorney

By:   /s/ Justin Seabury Gould
        Justin Seabury Gould (OH: 0084584)
        Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of September 2015 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Justin Seabury Gould
Justin Seabury Gould
Assistant U.S. Attorney