UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 5:07-cr-00524 |
| | ) | |
| Plaintiff, | ) | JUDGE PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE RUIZ |
| | ) | |
| EVAN STERN, | ) | REPORT AND RECOMMENDATION |
| | ) | SUPERVISED RELEASE VIOLATION |
| Defendant. | ) | |

This matter has been referred to the undersigned to conduct appropriate proceedings including revocation proceedings and file a Report and Recommendation. The Defendant, Evan Stern, appeared before the undersigned on October 4, 2017, for an initial appearance following the issuance of a summons by United States District Judge Benita Y. Pearson for supervised release violations. Attorney James M. Campbell was retained and present to represent the Defendant. Assistant U.S. Attorney Elliot Morrison appeared on behalf of the government and Probation Officer Adam Jones also attended.

The government moved for detention and the court scheduled the Preliminary Revocation/Probable Cause Hearing and Detention Hearing for October 10, 2017, remanding Defendant to the custody of the U.S. Marshal.[1] On October 10, the government, with consent of the defense, moved to continue the detention hearing and the court rescheduled both hearings for

---

[1] The probation officer had seized multiple electronic devices from Mr. Stern's apartment the morning of the Initial Appearance (October 4), but the government had not reviewed their contents as of the hearing.

October 12, 2017.[2]  The court granted the continuance, and defendant appeared before the undersigned on October 12, 2017, for revocation proceedings and a detention hearing.  Mr. Stern was represented by Attorney Campbell.  Assistant U.S. Attorney Justin Seabury Gould appeared on behalf of the government.  Probation Officer Jones also attended.

      The court advised Defendant of the two supervised release violations against him and he understood them.  The violations are summarized in the September 14, 2017 Violation Report as follows: 1) Failure to Comply with Sex Offender Treatment; and 2) Unauthorized Use of a Computer.  The Defendant was advised of his rights and he knowingly and voluntarily waived his probable cause hearing and executed a waiver.  He further knowingly and voluntarily admitted to the two aforementioned violations.

      The undersigned, therefore, recommends a finding that the Defendant violated the terms of his supervised release, in that he knowingly and voluntarily admitted to both violations.

      During the proceedings, counsel for the United States withdrew its request for detention.  The government determined the above-referenced electronic devices revealed no impermissible materials; and advised—after communications with Mr. Stern's court-appointed therapist and the Probation Officer—that it concurred with the recommendation from the probation department.  The probation officer, defense and government agreed that supervision should be continued and jointly proposed release on bond with modified terms of supervised release.  The modified terms of supervised release are set forth in the Order Setting Conditions of Release and the Additional

---

[2] The government's counsel represented that it was prepared to proceed, but requested additional time, in the interest of justice, to review the above-referenced electronic devices to determine if they contained impermissible materials in violation of the terms of Mr. Stern's supervised release.

Special Conditions of Supervised Release (collectively "Conditions of Supervised Release"). ([R. 46](#)). Mr. Stern expressly agreed to and confirmed the Conditions of Supervised Release would govern his supervised release, in addition to the other conditions previously imposed by the court. After considering the positions from the probation officer, government and defense, as well as the admitted violations, pertinent statutory factors, and proposed modified conditions of supervision, the court determined that release on bond with the Conditions of Supervised Release was reasonable and appropriate to assure Defendant's appearance at future proceedings and to protect the community pending his final revocation proceedings.

For the foregoing reasons and as set forth on the record during the hearing, supervised release is continued with modifications as recommended by the probation officer pending a final revocation hearing before Judge Benita Y. Pearson.

Date: October 13, 2017                                s/ *David A. Ruiz*
                                                    David A. Ruiz
                                                    U.S. Magistrate Judge

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).